UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 2:22-mj-30527

Hon. Judge Jonathan Grey

HASSAN CHOKR,

        Defendant.

---

**PROFFER OF MEMORANDUM TO COURT AS TO CASELAW ON ISSUE OF 3142f(1)(E) AS IT RELATES TO THE CHARGE OF 922(a)(6): MAKING FALSE STATEMENTS IN THE ATTEMPTED ACQUISITION OF A FIREARM**

    NOW COMES Defendant, by and through his attorneys at AYAD LAW, PLLC and hereby states the following in response to the Court's request on additional briefing on the issue of 3142f(1)(E) As It Relates to The Charge Of 922(a)(6): Making False Statements in The Attempted Acquisition Of A Firearm.

    Defendant Chokr is charged under 18 USC section 922(a)(6) for providing a false statement during the **attempted** acquisition of a firearm. Now, the AUSAs are arguing that Defendant was in possession of a firearm. The AUSAs are trying to have their cake and eat it too. If Defendant possessed a firearm, then why not charge Defendant with acquisition as opposed to attempted acquisition under 922(a)(6)? The only explanation is that the government cannot get a conviction, and for 3142(f)(1) purposes it does not pass muster.

1

18 USC 3142f(1)(E), states: " any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device" it does not state the word "attempt" or "attempted" in any way in connection with possession or otherwise, if Congress wanted 3142f(1)(E) to encompass attempted possession, they would have included the attempt language in section 3142f(1)(E), just as they had the intent to create a statute that made illegal providing a false statement during the attempted acquisition of a firearm, 922(a)(6), however it was not Congress's intent to punish those who did not possess a firearm. The inquiry should stop here, Defendant was not in "possession" under 3142(f)(1)(E).

## **LAW AND ARGUMENT**

The Bail Reform Act of 1984, as amended, governs release pending trial. See 18 U.S.C. §§ 1341-1351. It mandates Defendant's release under the least restrictive condition or combination of conditions reasonably necessary to assure his appearance as required and clearly favors nondetention. See *United States v. Byrd,* 969 F.2d 106, 109-10 (5th Cir. 1992) (per curiam) ("There can be no doubt that this Act clearly favors nondetention."); see also *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

Section 3142(f)(1) performs a gate-keeping function by "limit[ing] the circumstances under which [pretrial] detention may be sought to the most serious

2

of crimes. *United States v. Watkins,* 940 F.3d 152, 158 (2d Cir. 2019). It is the Government's burden to prove to the judicial officer by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *Id.*

## I. Defendant was not in possession of a firearm pursuant to 3142f(1)(E) as he had no dominion or control over a firearm which caselaw states is necessary to show possession.

It is established that the alleged offense is not a crime of violence, and 3142(f)(1)(A) and its factors are not at issue. The only issue is 3142(f)(1)(E) as it relates to possession or use of firearm. Lengthy research shows little in reference to sec 3142(f)(1)(E) as it relates to section 922(a)(6), however the cases that do discuss this made a clear distinction between acquisition and attempted. 18 USC section 922 gives authority to the government to charge based on either attempted or acquisition, in this case they charged attempted not acquisition. This begs the question why didn't the government charge Mr. Chokr with acquisition, with being a felon in possession? They didn't charge with acquisition because they didn't have it. Acquisition has been defined akin to possession, that's why they never charged it. The case that has dealt with this analysis is *United States v. Gaston*, No. 2:21-CR-36-JD-JPK, 2021 WL 1170201, at *3 (N.D. Ind. Mar. 26, 2021). In *Gaston,* the defendant was charged under Section 922(a)(6), making false statements in the acquisition of a firearm. *Id.* In that case, Gaston made a false

3

statement and acquired several firearms which he disposed of by selling and transferring to others, one of the firearms whereabouts was unknown. Gaston argued that acquisition of a firearm does not always involve the possession of a firearm, as required by 3142(f)(1)(E). The Court evaluated the definitions of acquisition and possession and found that the Supreme Court of the United States noted that "[t]he word 'acquire' is defined to mean simply 'to come into possession, control, or power of disposal of.'" *Huddleston v. United States,* 415 U.S. 814, 820, 94 S. Ct. 1262, 1267 (1974) (quoting Webster's New International Dictionary (3d ed. 1966); *United States v. Laisure*, 460 F.2d 709, 712 n. 3 (5th Cir. 1972)). Any effort to parse the definition of "acquire" in *Huddleston* to argue that "control" or "power of disposal of" somehow connote terms distinct from "possession" fails when one considers that the Seventh Circuit Court of Appeals has supported a broad definition of "possession" in numerous circumstances. *United States v. Kitchen*, 57 F.3d 516, 520 (7th Cir. 1995).

      The importance of Gaston as it relates to this case is that when courts had the opportunity to evaluate 922(a)(6) as it relates to 3142(f)(1)(E) a clear distinction was made between what type of factual allegations the prosecution is bringing, acquisition versus attempted acquisition. In Gaston the facts of the case show acquisition not attempted acquisition of a firearm. The Court was very careful to distinguish this, as we ask this Court to do the same. **Gaston is the only case that**

4

**looked at 922(a)(6) in light of 3142(f)(1)(E) and made a distinction between acquired and attempted.** This Counsel agrees, one assumes possession also known as acquisition, and the other one is attempted, not possession.

Section 3142(f)(1)(E) does not mention, or state "attempted" in any way, instead it clearly states "use" and "possession", Congress never intended to include "attempted" so they simply did not include it. The Gaston Court found that Gaston was charged with making a false statement in connection with the acquisition of a firearm in violation of Section 922(a)(6), not an "attempted acquisition." <u>As he already purchased those guns.</u> *United States v. Gaston*, No. 2:21-CR-36-JD-JPK, 2021 WL 1170201, (N.D. Ind. Mar. 26, 2021), therefore having possession because he had the ability to exercise control and power of disposal.

In light of those definitions, and the *Kitchen* court's ruling that ""the essential proof of possession" required by the law of this jurisdiction "is some factor indicating that [the defendant] had the authority or the ability to exercise control over the contraband." *Kitchen*, 57 F.3d at 523, the Court found that Gaston was in possession and exercised control over the firearms. The facts in *Gaston* support this finding as Gaston purchased numerous weapons and either sold or transferred them, one of the purchased firearms he acquired was also missing, therefore Gaston had control and power to do as he wished with the guns, therefore had possession. Here, the defendant did not possess any firearms, the criminal

5

complaint against him explicitly states he was charged with making a false statement **during the attempted** acquisition of a firearm. None of the factors evaluated in Gaston are found in Defendant Chokr's case.

The government will most likely raise Watkins to show possession, however Watkins deals with a defendant charged with possession of ammunition by a felon under 3142(f)(1)(E) because Watkins was found in possession of ammunition which he discharged from a firearm when he fired nine bullets at a fleeting vehicle on a residential street. *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019). In Watkins, there were 2 bases for detention hearing, under 3142(f)(1)(A) as a crime of violence and 3142(f)(1)(E). The court in *Watkins* also finds detention is warranted under 3142(f)(1)(E) which states "any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18" because the word "involves" shows Congress's intent for courts to "pierce the veil of the charged offense and consider the conduct underlying the offense" *Id.* However, in contrast to Defendant Chokr, the underlying conduct in Watkins's possession of ammunition charge involved the use of a firearm because Watkins discharged the ammunition from an illegally possessed firearm. Watkins had a level of control of the ammunition that he could use as he pleased. Indeed,

6

the opposite is true for Defendant Chokr who's underlying conduct was simply examining a firearm in a shop in the normal course of action one does such as picking it up and examining the sights, under the supervision and permission of the shopkeeper.

## II.   Possession and its elements.

Actual or constructive possession is sufficient to give rise to criminal liability under § 922(g)(1). *United States v. Campbell,* 549 F.3d 364, 374 (6th Cir.2008). Actual possession exists when a person has direct physical control over a thing. See Black's Law Dictionary 1047 (5th ed. 1979) (hereinafter Black's); 2A O'Malley § 39.12, at 55. Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object. See Black's 1047; 2A O'Malley § 39.12, at 55. Section 922(g) thus prevents a felon not only from holding his firearms himself but also from maintaining control over those guns in the hands of others. *Henderson v. United States*, 575 U.S. 622, 626, 135 S. Ct. 1780, 1784, 191 L. Ed. 2d 874 (2015). "Constructive possession exists when a person does not have possession but instead knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Grubbs,* 506 F.3d 434, 439 (6th Cir.2007) (quoting *United States v. Craven,* 478 F.2d 1329, 1333 (6th Cir.1973)). Proof that a person has dominion

7

over the premises where the firearm is located is sufficient to establish constructive possession. *United States v. Bailey,* 553 F.3d 940, 944 (6th Cir.2009). Where a defendant is in nonexclusive possession of premises in which illicit contraband is found, it cannot be inferred that he knew such contraband was present and had control of it unless there are other incriminating statements or circumstances tending to buttress such an inference. *Id.* at 945 n. 3. *United States v. Spencer*, 364 F. App'x 197, 199 (6th Cir. 2010).

Constructive possession is broader: a defendant has constructive possession when he has "ownership, dominion, or control" over either the firearm itself or over the premises in which the firearm is found. *Id.* at 1049. *United States v. Smith*, No. 20-50304, 2021 WL 1783355 (5th Cir. May 5, 2021).

The common denominator between actual possession and constructive possession of a firearm is control, and absent some indication that the defendant controlled the firearm, a conviction for possession of a firearm is improper under either theory of possession. 18 U.S.C.A. § 922(g). *Id.* Mere touching is insufficient to establish possession of a firearm. 18 U.S.C.A. § 922(g). *Id.* Indeed, every other circuit to address the subject has reached the same conclusion: it is error to convict on mere touching alone. *United States v. Teemer,* 394 F.3d 59, 65 (1st Cir. 2005) (noting with approval that the instruction in the case "did not say that merely to touch the [firearm] constituted a crime"); *United States v. Beverly,* 750 F.2d 34, 37

8

(6th Cir. 1984) (per curiam) (concluding that "touch[ing]" a firearm is insufficient to establish constructive possession); *United States v. Wilson,* 922 F.2d 1336, 1339 (7th Cir. 1991) ("Merely touching would not be possessing [a firearm]."); *United States v. Williams,* 29 F. App'x 486, 488–89 (9th Cir. 2002) (per curiam) (noting that "[c]ase law supports the theory that briefly sampling or handling contraband does not constitute constructive possession" and concluding that the district court reversibly erred in not giving a jury instruction that "momentarily touch[ing] or hold[ing]" is not possession (citing *United States v. Kearns,* 61 F.3d 1422, 1425 (9th Cir. 1995).*United States v. Smith,* No. 20-50304, 2021 WL 1783355 (5th Cir. May 5, 2021).

Here the defendant did not have dominion, control, or the power to dispose of the firearm as he wished. Unlike Watkins, who fired the ammunition he was in possession of (which shows dominion, control, and the power to dispose of the ammunition as he pleased) and unlike Gaston who had actually acquired the firearms and had the control and power to dispose of them, which he actually did by selling/transferring the firearms, the Defendant here had neither dominion, control or intent to have dominion or control the firearms such as loading, firing, using for target practice, leaving the store, or transferring/selling the firearm. Possession implies the ability to exclude others from using or taking control of an item. Defendant Chokr had no such ability to exclude anyone else from use or

9

control of the guns in the shop. He had to and did give them to the shop owner and he was not free to leave with them or do with the guns as he pleased. Defendant had the permission of the gun shop employee to examine the guns and was under the supervision of the gun shop employee the entire time, was not at liberty to leave with the gun, or fire the gun, load the gun with ammunition and therefore was not able to have dominion and control of the gun.

The idea of the danger is not the gun, it is the ability to use it. The gun is not dangerous if the Defendant could use it. It is implicit to have possession that the person can enjoy the use and benefit of the item he possess. Here Defendant could not enjoy the use and benefit of the firearm, he had no possession.

### III. Congressional intent in The Bail Reform act is clear that detention is not permitted unless one of the 3142(f) factors is met. Even "a danger to the community" is not enough to detain under the Bail Reform Act.

Although Defendant's conduct does not amount to "possession of a firearm" under 3142(f)(1)(E) in the first place. This Counsel would like to reiterate to the Court that even someone considered "a danger to the community" is not an (f) factor and cannot be the basis for detention. *United States v. Ploof*, 851 F.2d 7, 11-12 (1st Cir. 1988), states, "[W]here detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in§ 3142(f)(1) .... Insofar as in the present case there is no longer any contention that any of the subsection (f)(l) conditions were met, pre-trial detention solely on the

ground of dangerousness to another person or to the community is not authorized." The Court in *United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) stated, "[W]e find ourselves in agreement with the First and Third Circuits: a defendant's threat to the safety of other persons or to the community, standing alone, will not justify pre-trial detention." And the Court in *United States v. Morgan*, 2014 WL 3375028, at *8 (C.D. Ill. July 9, 2014), found that "[T]he statute does not authorize the detention of the defendant based on danger to the community." (citing *Himler*, 797 F.2d at 160) (emphasis added); see also id. at *5 ("[W]here none of the factors set forth in § 3142(f)(l) are present, these same courts have held that **'dangerousness' is only relevant for purposes of choosing which, if any, conditions accompanying an order of release are necessary to ensure the appearance of the defendant or the safety of the community.**") (citing *Ploof*, 851 F.2d at 9).

In the case at hand, there are a number of conditions accompanying Defendant's release that would ensure his appearance and the safety of the community. Defendant is ready to turn in his passport and seek mental health treatment upon his release. His brother would take custody of Defendant. Defendant can be ordered not to go to any religious institutions, or gun/weapon shops and would agree to be monitored by a GPS tether.

11

## CONLCLUSION

In conclusion, it is established that 3142(f)(1)(A) is not at issue in this case as a crime of violence is not alleged. The only issue remaining is whether this Defendant came into possession of a firearm, under 3142(f)(1)(E). This Counsel strongly believes that there was no possession by the defendant as the caselaw above, importantly *Gaston*, has shown. The importance of Gaston as it relates to this case is that when courts had the opportunity to evaluate 922(a)(6) as it relates to 3142(f)(1)(E) a clear distinction was made between what type of factual allegations the prosecution is bringing, **acquisition versus attempted acquisition.** The Court in Gaston makes this important distinction because actually acquiring the gun gave him power to exercise control and disposal of it and acquisition is akin to possession. Courts, such as in *Smith,* have stated that absent dominion and control, one does not have possession and that merely touching a gun does not amount to possession of a firearm. Here, Defendant Chokr, had no dominion or control over the gun shop nor the gun, he had neither constructive nor actual possession of any firearm as he was not at liberty to do as he wished with the gun. He could not load it, take it with him outside of the gun shop, test it, or fire it.

Subsequently, although Defendant's conduct does not amount to "possession of a firearm" under 3142(f)(1)(E) in the first place. This Counsel would like to reiterate to the Court that even someone considered "a danger to the community" is

not an (f) factor and cannot be the basis for detention when there are a number of conditions that this Court can implement to ensure that Defendant will show up to Court proceedings and for Defendant not to be considered a threat to the community such as turning in his passport, seeking mental health treatment, being in the custody of his brother, and being on a GPS tether and not be allowed near any religious institutions or gun shops.

                              Respectfully Submitted,

                              */s/Nabih H. Ayad*
                              Nabih H. Ayad (P59518)
                              645 Griswold St., Ste. 2202
                              Detroit, MI 48226
                              P: 313.983.4600
                              F: 313.983.4665
Date: January 11, 2023              filing@ayadlawpllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I filed the foregoing documents and any attachments on the Clerk of Courts for this Court via the ECF system which will send notice of the same to all parties of record.

                                                Respectfully submitted,

                                                Ayad Law, PLLC

                                                */s/Nabih H. Ayad* (P59518)
                                                645 Griswold St., Ste 2202
                                                Detroit, MI 48226
                                                P: 313.983.4600
                                                F: 313.983.4665
Dated: January 11, 2023                   filing@ayadlawpllc.com